IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-245-BO

| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A )<br>THE BANK OF NEW YORK AS TRUSTEE FOR )<br>THE CERTIFICATEHOLDERS OF THE )<br>CWALT, INC. ALTERNATIVE LOAN TRUST )<br>2007-0A2 MORTGAGE PASS THROUGH )<br>CERTIFICATES, SERIES 2007-0A2, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>HANNIA M. ADAMS; H. CLAYTON ADAMS )<br>And ROBERSON PROPERTY ENTERPRISES, )<br>LLC, )<br>)<br>    Defendants. ) | **ORDER** |

This matter is before the Court on defendants Hannia and Clayton Adams's motion for protective order [DE 35] and motion for extension of time [DE 49], and plaintiff's motion to compel discovery [DE 41]. The motions are ripe. For the following reasons, the motion for protective order is DENIED, the motion to compel is GRANTED and the motion for extension of time is GRANTED.

## BACKGROUND

This is a judicial foreclosure and mortgage fraud action filed by the plaintiff. Defendants have admitted that they obtained the loan and are in default under the terms of the loan's promissory note and deed of trust. However, defendants deny that the plaintiff is the owner and holder of the note in question. Plaintiff has served a second set of interrogatories which ask for the Adams's work history from 1994 to 2006, any self-employment during that time, and the

identity of the witnesses to the execution of the note and deed of trust at issue. Plaintiff has also served a second request for production which asks for the Adams's local, state, and federal tax returns for the years 2005, 2006, and 2007.

## DISCUSSION

Defendants seek an order from this Court that sustains the objections of defendants to the aforementioned discovery. Plaintiff seeks an order from this Court which compels the Adams's to respond to plaintiff's second interrogatories and second requests for production.

FED. R. CIV. P. 26(b)(1) allows parties in litigation to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." FED. R. CIV. P. 26(c). Such orders are generally within the discretion of the district court and will not be upset on appeal absent a showing of abuse of discretion. *M & M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1992). Plaintiff has sufficiently shown that the requests contained in the second set of interrogatories and the second request for production are relevant to plaintiff's claim. Defendants' only claim that the information sought is sensitive and confidential. Considering the broad construction of the rules of discovery, the Court grants plaintiff's motion to compel and denies the motion for protective order. The Court is satisfied that plaintiff is not inquiring after information merely to harass, oppress, and unduly burden the plaintiff.

The Adams also request that this Court allow them until May 1, 2014 to file the supporting memorandum for their motion for summary judgment. They claim that because the Rule 30(b)(6) deposition was held four days before their dispositive motions deadline and

2

Case 5:13-cv-00245-BO Document 58 Filed 03/21/14 Page 2 of 3

because plaintiff exercised its right to read and approve the transcript before it is submitted, that they were unable to obtain a copy of the transcript and thus unable to file a supporting memorandum. Defendants have shown good cause for an extension of time in which to file their supporting memorandum, however, 90 days is not reasonable. It has now been 52 days since the deposition at issue occurred. This is sufficient time for plaintiff to have reviewed the transcript. If defendants are not yet in receipt of the transcript, plaintiff is ordered to turn it over to defendants. Considering that the only motivation for an extension of time is the unavailability of this transcript and defendants have had 52 days to otherwise prepare their memorandum, defendant is granted 21 days from the date of entry of this order to submit their memorandum in support of their motion for summary judgment. After the memorandum is filed, the normal briefing schedule explained in Local Rule 7.1 will apply.

## CONCLUSION

For the foregoing reasons, defendants' motion for protective order is DENIED and plaintiff's motion to compel is GRANTED. Defendants are ORDERED to respond to plaintiff's second interrogatories and second request for production. Defendants' motion for extension of time is GRANTED. Defendants shall have 21 days from the entry of this order to file their memorandum in support of their motion for summary judgment. No expenses and costs are awarded.

SO ORDERED.

This the __20__ day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 5:13-cv-00245-BO  Document 58  Filed 03/21/14  Page 3 of 3