| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC. ALTERNATIVE LOAN TRUST 2007-0A2 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-0A2, <br><br> Plaintiff, <br><br> v. <br><br> HANNIA M. ADAMS; H. CLAYTON ADAMS And ROBERSON PROPERTY ENTERPRISES, LLC, <br><br> Defendants. | **ORDER** |

This matter is before the Court on defendants' motion for summary judgment [DE 48], plaintiff's motion for partial summary judgment [DE 51], defendants' motion to strike the declaration of Brian Tatum [DE 56], defendants' motion to strike affidavit of Lyvonne Jones [DE 57], and plaintiff's motion for sanctions [DE 60]. A hearing on these matters was held in Elizabeth City, North Carolina on July 29, 2014 at 3:30 p.m. The motions are now ripe for adjudication. For the following reasons, plaintiff's motion for summary judgment is GRANTED, defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART, defendants' motions to strike are DENIED, and plaintiff's motion for sanctions is DENIED.

## BACKGROUND

The instant action began on April 3, 2013 when plaintiff filed suit in this Court seeking judicial foreclosure of a deed of trust against real property located in Harnett County, North

Carolina (105 Wade Avenue, Dunn, North Carolina 28334 hereinafter "the Property"). Defendants H. Clayton Adams ("Mr. Adams") and Hannia M. Adams ("Mrs. Adams"), husband and wife, accepted a loan on December 6, 2006 for $173,500 from First Magnus Financial Corporation. In consideration for the loan, Mr. Adams executed a promissory note ("the Note") that was secured by a deed of trust on real property ("the Deed of Trust") owned by both defendants. Beginning in 2008, Mr. Adams stopped making the required payments on the loan thereby defaulting under the terms of the Note and Deed of Trust.

Defendants admit that they accepted the loan, that the loan is secured by the Property they own, and that the loan is now in default under the terms of the Note and Deed of Trust. The defendants deny only that the plaintiff is the holder of the Note and that mortgage fraud was committed. Plaintiff seeks summary judgment on its claims for declaratory judgment, judicial foreclosure, breach of contract (suit on the promissory note), and attorney's fees. Defendants seek complete summary judgment on all claims.

## DISCUSSION

I.  MOTIONS TO STRIKE.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). "Thus, summary judgment affidavits cannot be conclusory or based upon hearsay." *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (citations omitted). Affidavits, or portions of affidavits, may be struck when in violation of these requirements. *See id.* (discussing and affirming the lower court's striking of several portions of an affidavit).

A. Lyvonne Jones Affidavit.

Plaintiffs appear to object to the Lyvonne Jones affidavit mainly on the grounds that it is not admissible because Ms. Jones is not able to lay a proper foundation for business records that were created by companies other than that for which she works. Although there does not appear to be a Fourth Circuit case directly on point, other courts have found that a company receiving a document from another business can lay a sufficient foundation where it, acting in the regular course of its business, integrates the received record into its own business records, relies on it in its day to day operations and surrounding circumstances indicate trustworthiness. *See Beal Bank, SSB v. Eurich*, 831 N.E.2d 909, 914 (Mass. 2005) (concluding that in the context of banks buying and selling loans it is normal business practice to maintain accurate business records regarding such loans and to provide them to those acquiring the loan and therefore testimony from a witness with personal knowledge regarding the maintenance of the predecessors' business records is unnecessary); *Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 987 (8th Cir. 2010) (holding a business is not required to produce an individual from the entity that prepared the record to establish a foundation); *United States v. Adefehinti*, 510 F.3d 319, 326 (D.C. Cir. 2007) ("a record of which a firm takes custody is thereby 'made' firm within the meaning of [Rule 902(11)]"); *Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1342–44 (Fed. Cir. 1999) (allowing admission of records not prepared by business as long as it could provide testimony that it was the entity's regular practice to obtain information from a third party or that the records were integrated into the office's records and relied upon in its day to day operations); *see also United States v. Keita*, 742 F.3d 184, 190 (4th Cir. 2014) (noting that oftentimes business records are admissible not because they fall under a hearsay exception, but rather because they are non-testimonial).

Here plaintiff points to the deposition of Kimberly Harmstead in which she outlined the process of how a prior lender and servicer's records are incorporated into Ms. Jones's employer's business records. Thus, the affidavit of Ms. Jones properly lays the foundation for the records of which she is custodian. Accordingly, the Court denies defendants' motion to strike.

B.   Declaration of Brian Tatum.

Defendants object to the declaration of Brian Tatum because he is the plaintiff's attorney, has no personal knowledge of the matters at hand, and is not qualified as an expert. Plaintiff's counsel avows that the purpose of his declaration is simply to inform the Court that he can present the Note to this Court at a hearing should the Court so desire. The Court notes this limited purpose, does not consider the declaration to provide anything other than that offer and declines to strike the declaration. Defendants' motion is denied, but the Court does not consider the declaration to be evidence in this matter.

II.   MOTION FOR SANCTIONS.

Plaintiff asks for sanctions for defendants' failure to comply with this Court's order [DE 58] granting plaintiff's motion to compel [DE 41]. Defendants have established that they have complied with this Court's order and have served responses to the interrogatories and requests for documents at issue. Accordingly, there is no need for sanctions to be imposed upon any party. Plaintiff's motion is denied.

III.   MOTIONS FOR SUMMARY JUDGMENT.

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party must demonstrate the lack of genuine issue of fact for trial and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with

evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Conclusory allegations are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original).

        A.        Plaintiff's Partial Motion for Summary Judgment.

Defendants have admitted that they accepted the loan, that the loan is secured by the Property, and that the loan is now in default under the terms of the Note and Deed of Trust. Defendants deny only that plaintiff is the holder of the Note and that mortgage fraud was committed. As plaintiff does not move for summary judgment on its fraud claims, the Court does not discuss those claims here. The Court has viewed all of the evidence submitted in this matter and has held a hearing in which it viewed what plaintiff purports to be the original Note. [DE 68]. The Court finds that plaintiff is the holder of the original Note which is properly indorsed in blank and the holder of the Deed of Trust. *See In re Bass*, 738 S.E.2d 173, 176–77 (N.C. 2013) (discussing the law of North Carolina on who constitutes the holder of a negotiable instrument and holding that and indorsement "is presumed to be authentic and authorized . . . until some evidence is introduced which would support a finding that the signature is forged or unauthorized"). As defendants can cite no evidence to support their position that the indorsements are invalid, they are presumed to be valid. Further, plaintiff offers evidence of a valid assignment of the note by Mortgage Electronic Registration Systems, Inc. to plaintiff. *See Porterfield v. JP Morgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 152318 (E.D.N.C. Oct. 23,

2013) (holding that "[s]ecuritization merely creates a separate contract, distinct from the [borrower's] debt obligations under the Note, and does not change the relationship of the parties in any way"). Thus the Court grants plaintiff's motion for a declaratory judgment. *See Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (" a declaratory judgment action is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." (quotation omitted)).

Plaintiff also asks this Court to issue a judgment and decree of foreclosure as provided by 28 U.S.C. § 2001 *et seq.* As holder of the Note and Deed of Trust, plaintiff has standing to bring an action on the Note or pursue a foreclosure action. *Langston v. Brown*, 133 S.E.2d 180, 181 (N.C. 1963); *G.E. Capital Mortgage Servs., Inc. v. Neely*, 519 S.E.2d 553, 558 (N.C. App. 1999). Further, plaintiff named all adverse parties claiming interests in the Property to which this action is determinative. *Jones v. Williams*, 71 S.E. 222, 225 (N.C. 1911). An acceleration clause in a mortgage confers a contract right upon the note or mortgage holder which it may elect to enforce upon default through a foreclosure action. *In re Sutton Invest., Inc.*, 266 S.E.2d 686, 688–89 (N.C. App. 1980). As this Court has already issued a declaratory judgment that plaintiff is the holder of the Note, plaintiff is entitled to an order allowing the foreclosure of the Property secured by the Deed of Trust. Further the facts surrounding the default of the Note are not in dispute. Defendants have been in default for six years and have not attempted to cure the default. Therefore this Court holds plaintiff is allowed to foreclose the Property pursuant to the Deed of Trust and declares that plaintiff holds the senior security interest in the Property and all other claims/interests are inferior/subordinate, and therefore are barred and foreclosed from any right, title, interest, and equity of redemption and claim in the Property.

Plaintiff asks the Court to appoint a Special Master or instruct the United States Marshall to conduct the foreclosure sale. The Court declines to do so. 28 U.S.C. § 2001 ("Such sale shall be upon such terms and conditions as the court directs."). Instead, the Court instructs plaintiff to follow the procedures for a special proceeding in Harnett County where the Property is located and to properly foreclose upon the Property in that venue. Thus the foreclosure should take place under the procedures laid out in Chapter 45 of the North Carolina General Statutes. However, the Court notes that the notice provided in these proceedings must comply with the requirements of 28 U.S.C. § 2002. Accordingly, the Court grants plaintiff's motion for summary judgment on count II of the complaint.

In count III of the complaint plaintiff asks for a judgment against Mr. Adams for the unpaid balance of the defaulted Note plus interest and costs in the amount of $251,283.44 as of February 28, 2014, with interest after February 28, 2014 in the amount of $14.89 per day. [DE 51-5 at 6]. As the Court has held that Mr. Adams is in default on the Note, the Court grants plaintiff's motion for summary judgment as to count III and enters judgment against Mr. Adams in the amount of $251,283.44 plus interest in the amount of $14.89 per day after February 28, 2014.

Finally, in count VII of the complaint plaintiff seeks a monetary judgment against defendants for reasonable attorney's fees under N.C. Gen. Stat. § 6-21.2 and pursuant to paragraph 22 of the Deed of Trust. As the Court has found for plaintiff on its claims for foreclosure and suit on the Note, plaintiff is entitled to attorney's fees in the amount of 15% of the unpaid balance of the defaulted Note. This amount shall be calculated as 15% of the unpaid balance on the date of entry of this order as appropriately calculated with interest since February 28, 2014. Accordingly, plaintiff's motion for summary judgment is also granted as to count VII.

B. Defendants' Motion for Summary Judgment.

As the Court has ruled in plaintiff's favor on counts I, II, III and VII of the complaint, defendants' motion for summary judgment is denied as to those counts. The only remaining issues to be discussed are counts IV, V, and VI of the complaint. Count IV is only alleged in the alternative to count III, and as the Court has found in plaintiff's favor on count III, count IV is hereby dismissed and plaintiff's motion for summary judgment is granted as to count IV.

Count V alleges fraud against Mr. Adams. Plaintiff only cites to Mr. Adams's statement that he resided at the Property and that he would reside at the Property for a minimum of one year immediately following the recordation of the Deed of Trust as proof that Mr. Adams committed mortgage fraud. However, in order to prove fraud it is necessary to establish that the plaintiff relied upon false statements and was therefore damaged by the alleged false statements. *Rowan Cnty. Bd. of Educ. v. U.S. Gypsum Co.*, 418 S.E.2d 648, 658–59 (N.C. 1992). It is clear that here, the lender did not rely on this statement and that the lender was not subsequently induced to make the loan by the statement. Therefore, defendants are entitled to summary judgment on count V of the complaint. Further, because count VI relies on this Court ruling in favor of plaintiff on count V, defendants are also entitled to summary judgment on count VI.

Accordingly defendants' motion for summary judgment is granted in part and denied in part.

## CONCLUSION

For the foregoing reasons, defendants' motions to strike are DENIED and plaintiff's motion for sanctions is DENIED. Defendants' motion for summary judgment is GRANTED IN PART AND DENIED IN PART. Summary judgment is granted in defendants' favor on counts IV, V, and VI of the complaint. Plaintiff's motion for partial summary judgment is GRANTED.

The Court DECLARES that plaintiff is the owner and holder of the Note and Deed of Trust. Further, plaintiff is ALLOWED to foreclose on the Property in accordance with this order. The Court ENTERS JUDGMENT against H. Clayton Adams for the unpaid balance of the defaulted Note plus interest and costs in the amount of $251,283.44 plus $14.89 per day after February 28, 2014. Plaintiff is AWARDED attorney's fees in the amount of 15% of the unpaid balance of the defaulted Note plus interest and costs as of the date of entry of this order.

SO ORDERED.

This the 30 day of July, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9